UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

GARY BATTAGLINI,                                   :        Civil Action No. 15-cv-3909
                Plaintiff,              :
                                                   :
     v.                                            :
                                                   :
FRANK LABOR, III and JOHN AUGUSTINE,               :
                Defendants.             :
_____

**MEMORANDUM OPINION**

**Joseph F. Leeson, Jr.**                                                    August 13, 2015
**United States District Judge**

I.      Introduction

      Plaintiff Gary Battaglini brings this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) against Frank Labor, III, an Assistant United States Attorney who prosecuted him, and John Augustine, an agent of the Federal Bureau of Investigation who testified against him at his criminal trial. Plaintiff seeks leave to proceed *in forma pauperis*. The Court will grant him leave to proceed *in forma pauperis* and dismiss his complaint as legally baseless.

      On February 5, 2013, plaintiff was convicted by a jury of racketeering conspiracy. *See United States v. Battaglini*, E.D. Pa. Crim. A. No. 09-496-11. In this civil action, plaintiff alleges that Labor called Augustine as a witness at trial, and that Augustine testified about

1

statements made by a cooperating witness that implicated plaintiff. The cooperating witness later recanted his statements before Augustine and Labor, and was not called to testify in the government's case. Plaintiff's counsel learned from an FBI form produced at trial that the witness recanted after Augustine's testimony. Augustine and Labor failed to disclose the recantation beforehand. At a sidebar conference, Labor argued that the information in the FBI form did not fall within the government's obligation under *Brady v. Maryland*, 373 U.S. 83 (1963) to disclose exculpatory evidence. Plaintiff claims that Labor and Augustine's actions caused his wrongful conviction and imprisonment based on perjury. He seeks damages for the violation of his constitutional rights.

II.     Plaintiff's Motion to Proceed In Forma Pauperis

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees necessary to commence this action.

III.    Analysis of Plaintiff's Claims

28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Plaintiff's complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff's claims are legally baseless. To recover damages for alleged unconstitutional conviction or imprisonment, a plaintiff must establish that the conviction or imprisonment in

question was vacated or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Lora-Pena v. F.B.I.*, 529 F.3d 503, 505 n.2 (3d Cir. 2008). Plaintiff's complaint reflects that, although he is in the process of challenging his conviction, the conviction remains intact. Accordingly, his constitutional claims are legally baseless because they are not cognizable in a *Bivens* action. *Humphries v. Houghton*, 442 F. App'x 626, 629 (3d Cir. 2011) (per curiam) ("Humphries' claims that defendants used perjury and false evidence to secure his federal conviction are not cognizable under *Heck's* favorable termination rule."). In any event, there is no legal basis for plaintiff's claims because both defendants are entitled to absolute immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) (holding that a police officer was entitled to absolute witness immunity from constitutional claims based on allegations that he gave perjured testimony at plaintiff's criminal trial); *Imbler v. Pachtman*, 424 U.S. 409, 410 & 415 (1976) (holding that a prosecutor is absolutely immune from liability stemming from acts taken "within the scope of his duties in initiating and pursuing a criminal prosecution" even though the prosecutor allegedly used false testimony to convict plaintiff); *Yarris v. Cnty. of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006) ("It is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity.").

IV.     Conclusion

For the foregoing reasons, the Court will dismiss plaintiff's complaint.  Plaintiff will not be given leave to amend because amendment would be futile.  An appropriate order follows, which shall be docketed separately.

                                      **BY THE COURT:**

                                      */s/ Joseph F. Leeson, Jr.*
                                      **JOSEPH F. LEESON, JR.**
                                      **United States District Judge**